**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

JEFFREY H. NICKOLI-FRINK,

Plaintiff,

v.

FAIRBANKS DAILY NEWS MINER,

Defendant.

Case No. 4:25-cv-00063-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT**

In December 2025, self-represented prisoner Jeffrey H. Nickoli-Frink ("Plaintiff") filed a civil complaint under 42 U.S.C. § 1983 and an application to waive prepayment of the filing fee.[1] Plaintiff claims that the Fairbanks Daily News-Miner ("Defendant"), a private local newspaper, violated his constitutional rights by "slandering and defam[ing]" him in an August 2025 article about his arrest and criminal charges.[2] Because Plaintiff's Complaint fails to state a claim upon which relief may be granted and amendment would be futile, the Court recommends that Plaintiff's claims be **DISMISSED**.

## I. SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking to proceed without prepaying the filing fee.[3] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.[4]

[1] Docket 1; Docket 2.
[2] Docket 1 at 3–4, 6–7.
[3] 28 U.S.C. §§ 1915, 1915A; *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").
[4] 28 U.S.C. § 1915(e)(2)(B).

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although the scope of review is generally limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless doing so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## II. DISCUSSION

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state a claim to relief that is plausible on its face."[10] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link

---

[5] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended*, 275 F.3d 1187 (2001).

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[9] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[10] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

between that specific injury and the conduct of that defendant.[12]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that, if proven, would establish that (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law.[13] For a defendant to have acted under color of state law, the defendant must have acted with state authority as a state actor.[14]

In his Complaint, Plaintiff alleges that Defendant violated his constitutional right to due process by publishing an article that "ma[de] [him] look guilty before trial."[15] Plaintiff alleges that the August 2025 article contained lies about him and improperly relied on information that was not contained in the police report pertaining to his criminal charges.[16] Plaintiff seeks an award of monetary damages and fees, "a fair trial," and an order requiring Defendant "to stop publis[h]ing false claims with no facts and slandering [his] name and de[faming] . . . [his] character."[17]

Plaintiff's Complaint is defective because Defendant is a privately owned and operated newspaper. Because Defendant is not a state actor, Plaintiff cannot maintain a claim against it under § 1983.[18] Therefore, Plaintiff's due process claim must be dismissed.

To the extent that Plaintiff intends to bring additional claims for slander or defamation, those claims must also be dismissed. Slander and defamation claims are types of tort claims that are grounded in state law and typically addressed in state court. A state law claim may proceed in federal court only if the claim is supplemental to a cognizable federal claim,[19] or if

---

[12] *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *Id.* at 49 (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).

[15] Docket 1 at 3.

[16] *Id.* at 4.

[17] *Id.* at 7.

[18] *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (holding that state action excludes "merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks and citation omitted)).

[19] A federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

the court has diversity jurisdiction over the case.[20] Here, the parties are citizens of the same state, so the Court does not have diversity jurisdiction over any state law claims.[21] And because Plaintiff has no viable federal claims against Defendant, it would not be appropriate for this Court to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting in this action.[22]

Therefore, Plaintiff's Complaint must be dismissed. The Court finds that no additional facts could be added to remedy the deficiencies in this case, and accordingly recommends that dismissal be ordered without leave to file an amended complaint in federal court.[23] However, the Court recommends that dismissal be without prejudice to refiling any associated state law claims in a new case in state court.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that:

1. Plaintiff's Complaint at Docket 1 be **DISMISSED** without prejudice to refiling any associated state law claims in a new case in state court;
2. All pending motions be **DENIED** as moot; and
3. The Clerk of Court be directed to issue a final judgment and close this case.

DATED this 9th day of June, 2026, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[20] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).
[21] *See* Docket 1 at 2.
[22] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (explaining that in the "usual case," state law claims should not proceed to trial where federal claims have been dismissed); *Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law.").
[23] *See Schreiber*, 806 F.2d at 1401.

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[24] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[25]

A party may file written objections to the magistrate judge's order within (14) fourteen days.[26] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[27]

---

[24] 28 U.S.C. § 636(b)(1)(B).
[25] *Id.* § 636(b)(1)(C).
[26] *Id.*
[27] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).


Case 4:25-cv-00063-SLG-KFR Document 5 Filed 06/09/26 Page 5 of 5